UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| AWSUKNE D'hefi BIBBS<br>    LA. DOC #572826<br>VS. | CIVIL ACTION NO. 3:12-cv-3083<br><br>SECTION P<br><br>JUDGE JAMES T. TRIMBLE, JR. |
| OUACHITA CORRECTIONS<br>CENTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Awsukne D'hefi Bibbs, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 12, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  When he filed this suit he was confined at the Ouachita Corrections Center (OCC) and he complained about conditions and circumstances at that facility as well as at the Concordia Parish Detention Center (CPDC). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rules 41.3 and 3.2.

### *Background*

Plaintiff, while incarcerated at the OCC, filed a hand-written complaint concerning conditions at OCC and CPDC.  Since plaintiff did not comply with Rule 3.2 of this District, which requires that prisoners use the civil rights complaint forms provided for that purpose, and since he neither paid the filing fee nor submitted an application to proceed *in forma pauperis*, he was directed to amend his complaint to use the proper form and to either pay the filing fee or submit a properly executed application to proceed *in forma pauperis*. [Doc. 3] On January 10,

2013, the Memorandum Order and form were returned by the United States Postal Service with the notation that plaintiff was no longer incarcerated at OCC. Plaintiff has not contacted the Court to advise of his current whereabouts.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims on motion of the defendant  "If  the plaintiff fails to prosecute or to comply with these rules or a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).[1]  Further, Local Rule 41.3 provides "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned

---

[1]The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court rule or  order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.   The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has failed to abide by Local Rule 41.3 in that more than 30 days have elapsed since the court's correspondence was returned and plaintiff has not provided a current address. Indeed, plaintiff has not contacted the court since he filed his original deficient complaint on December 7, 2012, and there is every reason to conclude that he no longer wishes to prosecute this action.

to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have lapsed since the order of January 3, 2013, was returned by the U.S. Postal Service. Therefore, since plaintiff remains in violation of Local Rules 3.2 and 41.3,

      **IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

      Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

      **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

      In Chambers at Monroe, Louisiana, February 19, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE